NUMBER
13-08-00272-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

____________________________________________________________

 

JASON
CHRISTOPHER WEEKS,                                          APPELLANT,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                            APPELLEE.

____________________________________________________________

 

                            On
Appeal from the 36th District Court

                                      of
Aransas County, Texas.

____________________________________________________________

 

                                      MEMORANDUM OPINION

 

                          Before
Justices Garza, Vela, and Perkes

                            Memorandum
Opinion by Justice Vela

 








 

            Appellant,
Jason Christopher Weeks, was charged by indictment with one count of state jail
felony theft.  See Tex. Penal
Code Ann. § 31.03 (Vernon Supp. 2010).  A jury found appellant guilty as
charged in the indictment and assessed a punishment of twenty-three months of imprisonment
in state jail without a fine.  The trial court entered judgment on the verdict,
ordered appellant to pay $150 in restitution, and ordered that appellant be
given jail time credit for time spent in custody.  This appeal followed.  We
affirm the judgment.

I.  Anders
Brief

Pursuant
to Anders v. California, 386 U.S. 738, 744 (1967), appellant’s
court-appointed appellate counsel has filed a brief with this Court, stating
that, based upon her review of the record, “there are no grounds of error upon
which an appeal can be predicated” and “the appeal is wholly without merit.”  Although
counsel’s brief does not advance any arguable grounds of error, it does present
a professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced on appeal.  See In re Schulman, 252 S.W.3d 403,
407 n.9 (Tex. Crim. App. 2008) (“In Texas, an Anders brief need not
specifically advance ‘arguable’ points of error if counsel finds none, but it
must provide record references to the facts and procedural history and set out
pertinent legal authorities.”) (citing Hawkins v. State, 112 S.W.3d 340,
343-44 (Tex. App.–Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

            In
compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App.
[Panel Op.] 1978), appellant’s counsel has carefully discussed why, under
controlling authority, there are no errors in the trial court’s judgment. 
Counsel has informed this Court that she has:  (1) examined the record and
found no arguable grounds to advance on appeal, (2) served a copy of the brief
and counsel’s motion to withdraw on appellant, and (3) informed appellant of
his right to review the record and to file a pro se response.[1]  See Anders, 386 U.S. at 744; Stafford,
813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. 
More than an adequate period of time has passed, and appellant has not filed a
pro se brief in this matter.  See In re Schulman, 252 S.W.3d at 409.

II.
Independent Review

 

            Upon
receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous.  Penson v.
Ohio, 488 U.S. 75, 80 (1988).  We have reviewed the entire record and
counsel’s brief and have found nothing that would arguably support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) (“Due
to the nature of Anders briefs, by indicating in the opinion that it
considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.”); Stafford, 813 S.W.2d at 509. 
Accordingly, we affirm the judgment of the trial court.

III. Motion
to Withdraw

 

            In
accordance with Anders, appellant’s attorney[2]
has asked this Court for permission to withdraw as counsel for appellant.  See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408
n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas
1995, no pet.) (“If an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant.  To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief
showing the appellate court that the appeal is frivolous.”) (citations
omitted)).  We grant her motion to withdraw.  Within five days of the date of
this Court’s opinion, counsel is ordered to send a copy of the opinion and
judgment to appellant and to advise appellant of his right to file a petition
for discretionary review.[3]  See Tex. R. App. P. 48.4; see also In re Schulman, 252
S.W.3d at 412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App.
2006). 

 

 

 

                                               


                                                                                    ROSE
VELA

                                                                                    Justice

 

Do not
publish.  Tex. R. App. P.
47.2(b).

 

Delivered and
filed this

17th day of
March, 2011.









[1] The Texas Court of Criminal Appeals has held that “the
pro se response need not comply with the rules of appellate procedure in order
to be considered.  Rather, the response should identify for the court those
issues which the indigent appellant believes the court should consider in
deciding whether the case presents any meritorious issues.”  In re Schulman,
252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting Wilson v. State,
955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

 





[2] At the inception of this appeal,
appellant was represented by the Honorable Tamara L. Cochran-May.  After
Cochran-May filed a motion to withdraw as appellant’s counsel, this Court
abated the appeal and remanded the matter to the trial court for determination
of this motion.  See Meza v. State, 206 S.W.3d 684, 686 (Tex. Crim. App.
2006); Enriquez v. State, 999 S.W.2d 906, 907-08 (Tex. App.–Waco 1999,
no pet.).  The trial court found that the motion to withdraw was supported by
good cause, allowed Cochran-May to withdraw, and appointed the Honorable
Deeanne Galvan, who currently represents appellant on appeal.  Because the
trial court has granted Cochran-May’s motion to withdraw, we dismiss her motion
to withdraw, which was previously carried with the case, as moot.

 





[3] No substitute counsel will be
appointed.  Should appellant wish to seek further review of this case by the
Texas Court of Criminal Appeals, he must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See id. R. 68.3; 68.7.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See id. R. 68.4.